[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14950
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-20966-FAM

FLYLUX, LLC,
a New York limited liability
company,

Plaintiff - Appellant,

versus

AEROVIAS DE MEXICO, S.A. DE C.V.,
a Mexican corporation
a.k.a. Aeromexico,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 14, 2015)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

FlyLux, LLC ("FlyLux"), a New York-based travel agent, appeals the district court's dismissal of its action against Aerovias de Mexico, S.A., De C.V. ("AeroMexico"), a Mexican airline, for lack of subject matter jurisdiction. FlyLux brought its action for breach of contract, among other claims, after AeroMexico unexpectedly cancelled flight reservations that FlyLux had arranged for its client ticketholders. This appeal presents two jurisdictional questions, whether: (1) FlyLux is a real party to the controversy, and (2) FlyLux pled damages sufficient to meet the amount-in-controversy requirement for diversity jurisdiction. FlyLux also argues that the district court erred in denying it an opportunity to amend its complaint to address these issues. Because FlyLux failed to plead sufficiently the existence of a contract with AeroMexico that is independent of its clients' contracts for air travel, we conclude that FlyLux is not a real party to the controversy and failed to meet the amount-in-controversy requirement. We also find no error in the district court's denying FlyLux another opportunity to amend its complaint. Accordingly, we affirm the district court's order dismissing the case.

I.

2

FlyLux is a New York company that makes travel arrangements on behalf of its clients, including reserving seats on international flights through direct communication with commercial airlines.[1]  At issue in this action are thirty-three reservations for clients from the United States, Argentina, and Australia that FlyLux made for AeroMexico flights.  AeroMexico cancelled the reservations without warning, which many of FlyLux's clients discovered only when they showed up to board their scheduled flights and were denied seats.  Despite the cancellations, AeroMexico refused to return the advance payments FlyLux had made for the reservations.

FlyLux brought this action in the district court, alleging that its dealings with AeroMexico constituted a binding contract in which the two parties exchanged payment for reservations for air travel.  Alleging that AeroMexico breached this contract, FlyLux demanded damages totaling over $400,000, including a refund of its advance payments, costs incurred when it secured new tickets for its clients, and compensation for injury to FlyLux's business reputation.[2]  AeroMexico moved to dismiss FlyLux's amended complaint (the "complaint") on multiple grounds, among which were that FlyLux (1) failed to show complete diversity of citizenship

---

[1] We recite as true the well-pled allegations in FlyLux's complaint because, as the parties have agreed, AeroMexico's motion to dismiss is a facial challenge to subject matter jurisdiction. *See infra* Part II.

[2] FlyLux also brought alternative claims for conversion and unjust enrichment, which are not at issue in this appeal.

of the real parties to the controversy, its clients and AeroMexico,[3] and (2) improperly aggregated the damages from its clients' individual contracts to meet the amount-in-controversy requirement for diversity jurisdiction.[4]  Underlying both these arguments was AeroMexico's contention that FlyLux was only an agent in its clients' transactions and has no cognizable legal interest of its own, much less one that meets the amount-in-controversy requirement.

In response, FlyLux argued that it is a real party to the controversy, regardless of the claims that its individual clients may also have.  According to FlyLux, even if United States jurisdictions might not recognize a contractual relationship between FlyLux and AeroMexico, Mexican law recognizes such a contract and would likely govern the action under a proper conflict-of-laws analysis.  In the event that the district court was inclined to grant AeroMexico's motion to dismiss, FlyLux requested an opportunity to amend its complaint again.  Without addressing FlyLux's conditional request for leave to amend its complaint, the district court granted the motion to dismiss on the grounds that (1) there was no complete diversity among the real parties to the controversy, and (2) FlyLux could

---

[3] Because AeroMexico, a citizen of Mexico, is a defendant in the action, the court lacks jurisdiction if any plaintiff is a foreign citizen.  *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir. 1989).  Although the client ticketholders are not parties to this action, AeroMexico argues that the district court was nonetheless bound to consider their citizenship in its jurisdictional analysis.  *See infra* Part III.

[4] Title 28 U.S.C. § 1332(a) requires any matter in controversy over which a district court exercises diversity jurisdiction to "exceed[] the sum or value of $75,000, exclusive of interest and costs."

4

not aggregate the losses from its clients' individual contracts to meet the amount-in-controversy requirement.  This appeal followed.

## II.

"In reviewing the district court's decision to grant [a] motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(1), lack of subject matter jurisdiction, this Court reviews the legal conclusions of the district court *de novo*." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1250 (11th Cir. 2007).  The parties agree that AeroMexico's challenge to federal jurisdiction on appeal is a facial attack, which "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [its] complaint are taken as true for the purposes of the motion." *Id.* at 1251 (alterations and internal quotation marks omitted).  However, "[o]ur duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.  Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).  We review the district court's denial of leave to amend for an abuse of discretion. *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1178 (11th Cir. 2013).

III.

Here, the critical allegations concerned the existence of a contract between FlyLux and AeroMexico.  If there was a contract between the two parties, then we look to the citizenship of FlyLux, not its clients, to determine whether there is complete diversity.  Similarly, if FlyLux itself had a contract with AeroMexico, then its own alleged damages meet the amount-in-controversy requirement.

"As a matter of federal law, a plaintiff must ground diversity jurisdiction upon 'citizens' who are real and substantial parties to the controversy." *Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).  This requirement means only that a federal court should not look to a nominal or formal party's citizenship for diversity jurisdiction purposes if the party merely represents the interests of other, real parties to a controversy.  *See Navarro Sav. Ass'n*, 446 U.S. at 461.  It does not mean that every potential party with a real interest in the controversy must be joined for jurisdiction to lie.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93 (2005) (citing *Little v. Giles*, 118 U.S. 596, 603 (1886)).  Accordingly, as an initial matter, we reject any suggestion by AeroMexico that the foreign citizenship of FlyLux's clients destroys diversity regardless of whether FlyLux is itself a real party to the controversy.  The relevant inquiry is whether FlyLux sufficiently alleged the formation of its own

6

distinct contract with AeroMexico apart from the individual contracts between AeroMexico and FlyLux's clients, the ticketholders.

The district court decided that the action lacked complete diversity after determining that the complaint failed to allege a valid contract between FlyLux and AeroMexico. In the district court's view, FlyLux was merely acting as an agent for its clients, and so the ticketholders' citizenship was the proper focus of the district court's jurisdictional analysis. *See, e.g.*, *Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.*, 149 F.3d 794, 796-97 (8th Cir. 1998) (looking to the citizenship of insurance companies rather than their collection agent, who brought the underlying action to collect premiums on their behalf); *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995) (ignoring the citizenship of a party serving as a "mere conduit for a remedy owing to others, advancing no specific interests of its own"). Additionally, the court's determination that the complaint failed to allege the existence of FlyLux's own contract supported its second jurisdictional conclusion, that FlyLux could not aggregate its clients' losses to meet the amount-in-controversy requirement.

We agree with the district court. The complaint contains only conclusory allegations of the existence of an independent contract between FlyLux and AeroMexico. Nowhere does the complaint or any exhibit attached to the complaint identify the terms of any such contract. The complaint states only that

7

AeroMexico "agree[d], consent[ed] and acquiesce[d] to [FlyLux] during the December 2013 telephone conversation" in which FlyLux secured reservations for its clients and that the conversation, along with the ticket reservation documents issued in each client's name and boilerplate legal notices promulgated by the International Air Transport Association, constituted an "agreement between the parties for international carriage by air and related services."  Pl.'s Am. Compl. at ¶¶ 10-11.  In essence, the complaint incorporates these two sets of documents, both exhibits attached to the complaint, as setting forth the alleged contract between FlyLux and Aeromexico.  But, there is nothing in either exhibit describing or suggesting a legal interest that FlyLux might have apart from its clients' interests.

First, each of the ticket reservation documents includes only the terms of the transaction between the applicable passenger and AeroMexico.  No reference to FlyLux or a travel agent appears anywhere in the reservations.  Second, the legal notices apply only to passengers and define no rights with respect to cancellation of flight reservations apart from denied boarding.  *See id.* at Exh. B. ("E-ticketing Legal Notices," explaining that the attached legal notices "set out the liability of air carriers for death or bodily injury, for loss of or damage to baggage, and for delay" and "define the *passenger* rights and obligations with regard to denied boarding, baggage, check-in times and the transport of dangerous goods" (emphasis added)).  Ultimately, both exhibits support the conclusion that contracts existed only

8

between AeroMexico and FlyLux's clients.  *See Griffin Indus., Inc.*, 496 F.3d at 1205-06.

FlyLux argues that the district court erred in reaching this determination because it failed to perform a conflict-of-laws analysis and apply Mexican contract law, which may impose less stringent requirements for contract formation than the contract law of United States jurisdictions.[5]  It is true that "[f]ederal courts look to the substantive law of the state . . . to determine whether an individual, although a party to the lawsuit, is a real and substantial party to the litigation."  *Broyles*, 878 F.2d at 1402; *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 457 (2010) (Ginsburg, J., dissenting) ("State substantive law controls what injuries are compensable and in what amount." (internal quotation marks omitted)).  Although in theory the district court could have performed a conflict-of-laws analysis to determine which body of substantive law governs the case, "[i]n any conflict of laws analysis, the first issue that needs to be addressed is whether a conflict actually exists."  *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1171 (11th Cir. 2009).  "A true conflict exists when two or more states have a legitimate interest in a particular set of facts in the litigation and the laws of those

---

[5] In particular, FlyLux argues that "the only elements of a binding contract under Mexican law are (1) consent and (2) an object which can be the subject-matter of the contract." *Giner v. Estate of Higgins*, No. EP-11-CV-126-KC, 2012 WL 123973, at *8 (W.D. Tex. Jan. 13, 2012); *see* Código Civil Federal [CC], art. 1794, Diario Oficial de la Federación [DOF] 14-05-1928, últimas reformas DOF 24-12-2013 (Mex.).  Mexican contract law has no concept of consideration; perfection of a contract only requires the consent of the parties. *See id.* at art. 1796.

states differ or would produce a different result." *Id.* (alteration and internal quotation marks omitted).

Here, FlyLux cites basic provisions of Mexican contract law that, in isolation, might suggest the existence of an independent agreement between FlyLux and AeroMexico.  But, FlyLux fails to show that Mexican law employs different agency principles than United States jurisdictions in the formation of contracts, much less that a travel agent forms an independent contract with an airline under Mexican law simply by virtue of making reservations for its clients.[6] Absent such a showing, we find no error in the district court's application of general agency principles to conclude that FlyLux failed to allege its own legal interest in the controversy.  Consequently, the district court correctly examined the citizenship of FlyLux's clients, the real parties in interest, to find a lack of complete diversity of citizenship of the parties.  *See Navarro Sav. Ass'n*, 446 U.S. at 461.

As a final matter, the district court did not abuse its discretion in denying FlyLux an opportunity to amend its complaint once more.  "This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263

---

[6] In fact, FlyLux fails to address Mexican agency law at all.  *See generally* CC, art. 1800, 2546-604, DOF 14-05-1928, últimas reformas DOF 24-12-2013 (Mex.).  FlyLux cannot credibly maintain that Mexican law would produce a different result without providing a more complete summary of the provisions of Mexican law that are relevant to the question presented.

(11th Cir. 2004) (internal quotation marks omitted).  FlyLux has made no showing that the new exhibits it offered to attach to amend its complaint, which it did not describe in any detail in its request for relief, would have established that FlyLux has a legal interest under Mexican law or altered the basic relationships among the parties in the case.  The district court properly denied leave to amend the complaint.

## IV.

The order of the district court is **AFFIRMED.**